**Robert F. AKINYEMI, Appellant,**

v.

**NATIONAL RAILROAD PASSENGER CORPORATION, a/k/a Amtrak.**

No. 79–1763.

United States Court of Appeals, District of Columbia Circuit.

May 30, 1980.

Before WRIGHT, Chief Judge, MacKINNON, Circuit Judge, and PENN,* District Judge.

JUDGMENT

This cause came on for consideration on the record on appeal from the United States

---

* Of the United States District Court for the District of Columbia, sitting by designation pursuant to 28 U.S.C. § 292 (a) (1976).

District Court for the District of Columbia and briefs were filed herein by the parties.

For the reasons stated in the attached memorandum,

It is ORDERED and ADJUDGED by this court that the judgment of the District Court appealed from in this cause is hereby affirmed.

## MEMORANDUM

This appeal is from a grant of summary judgment to defendant-appellee AMTRAK in a personal injury suit brought under the Federal Employers' Liability Act, 45 U.S.C. § 51 et seq. (1976). Summary judgment was granted on the basis of an affirmative defense of accord and satisfaction.

On April 19, 1977 Mr. Akinyemi, an AMTRAK employee, sustained back injuries while working at the AMTRAK commissary stand in Washington, D. C. After receiving treatment and taking some time off from work, Mr. Akinyemi returned to his job, where he suffered a "reoccurrence" of the back pain. Again he received medical treatment. The "reoccurrence" took place on September 10, 1977.

Shortly thereafter Mr. Akinyemi, through his attorney, and AMTRAK, through its attorney, negotiated a settlement of Mr. Akinyemi's claims arising from the injury. No one else was present at the settlement negotiations. Agreement was reached on June 1, 1978 and a check was issued to Mr. Akinyemi on June 5. The accompanying release form stated that Mr. Akinyemi received the check "[i]n full and final settlement of claim for personal injuries sustained at or near Washington D. C., on or about April 19, 1977."

In the present suit Mr. Akinyemi asserts that the settlement agreement concerned only the April 19 accident, and not the September 10 "reoccurrence." Thus he is suing for additional damages. In the District Court AMTRAK raised an affirmative defense of accord and satisfaction. Although admitting that the release form signed by Mr. Akinyemi contained a latent ambiguity, in that it did not specifically mention the "reoccurrence" of Mr. Akinyemi's back problems on September 10, AMTRAK argued that the evidence submitted in the form of affidavits and documents removed all doubt from the case. AMTRAK's attorney who negotiated the settlement affirmed that the settlement was understood to cover all claims arising from the April 19 injury including any relapses that had occurred. Moreover, the affidavit and the accompanying documents show:

(1) All negotiations took place after September 10.

(2) The attorneys analyzed Mr. Akinyemi's complete medical records, including the portion concerning times after September 10.

(3) Mr. Akinyemi agreed, as part of the settlement, to pay the entire amount of an outstanding Railroad Retirement Board lien that existed by reason of the Board's payments to Mr. Akinyemi for days of work lost during the period, including the days lost after the "reoccurrence" of September 10.

(4) The basis for the settlement amount is Mr. Akinyemi's total wage loss, plus his medical expenses, for the time after April 19, including the time after September 10.

In response to this evidence, Mr. Akinyemi presented no contradictory evidence whatever. Indeed, the only conceivable evidence available to him—the testimony of his attorney concerning the settlement negotiations—was foreclosed by his attorney's decision under Canon 5 of the Code of Professional Responsibility to represent him rather than to testify. Thus there remained no genuine issue of disputed fact, and the court properly granted summary judgment to AMTRAK.

*Affirmed.*