Louis E. FULGENCE, Plaintiff-Appellant,

v.

J. RAY McDERMOTT & CO., et al., Defendants-Appellees.

No. 81–3259
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Dec. 7, 1981.

Joseph M. Bruno, New Orleans, La., for plaintiff-appellant.

Robert W. Daigle, Greg Guidry, Lafayette, La., for defendants-appellees.

Before AINSWORTH, REAVLEY and RANDALL, Circuit Judges.

PER CURIAM:

This is an appeal from an order granting defendant's motion to enforce a settlement agreement entered into during the pendency of plaintiff's employment discrimination suit. We affirm.

I.

Louis Fulgence instituted this action in March 1979 against his former employers, Hudson Engineering Corporation and J. Ray McDermott & Company (McDermott), alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* In August 1980 Fulgence's counsel, Don Hernandez, informed counsel for McDermott that he had his client's authority to settle the litigation. After brief negotiations the two attorneys agreed to settle the matter for $1440. When Fulgence received the proposed settlement documents he objected to language releasing all of his rights against McDermott, including a pending claim for disability benefits under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. § 901 *et seq.* McDermott deleted the offending language and returned the amended settlement documents to Mr. Hernandez, together with a settlement check in the amount of $1440. Two months later, Fulgence informed McDermott that he did not wish to enter into the settlement agreement, and returned the settlement check and unexecuted release documents. McDermott thereupon filed a motion to enforce the settlement agreement, which the district court granted after an evidentiary hearing on the matter. This appeal followed.

II.

The threshold question raised by this appeal is whether state or federal law determines the validity of an oral settlement agreement in a Title VII employment discrimination suit.[1] Fulgence argues that

---

[1] The question is one of first impression. Other courts confronting the issue have declined to decide it because the result would be the same under either federal or state law. *See Harrop v. Western Airlines, Inc.*, 550 F.2d 1143 (9th Cir. 1977); *Kuykendall v. Rockwell International Corp.*, 20 Empl.Prac.Dec. ¶ 30,015 (C.D.Cal. 1979).

state law applies, and that the settlement agreement is invalid because not reduced to writing as required by La.Civ.Code Ann. art. 3071. We disagree.

■ Since this case deals with the operation of a Congressional statutory scheme, the federal courts are competent to determine whether a settlement exists without resort to state law. *See D'Oench, Duhme & Co. v. Federal Deposit Insurance Corp.*, 315 U.S. 447, 471–72, 62 S.Ct. 676, 686, 86 L.Ed. 956 (1942) (Jackson, J., concurring); Mishkin, *The Variousness of "Federal Law": Competence and Discretion in the Choice of National and State Rules for Decision*, 105 U.Pa.L.Rev. 797, 798–801 (1957). Creation of a federal rule rather than absorption of a state rule is appropriate where, as here, the rights of the litigants and the operative legal policies derive from a federal source. No significant state interest would be served by absorbing state law as the rule of decision governing Title VII settlement agreements. On the other hand, Louisiana's requirement that settlement agreements be reduced to writing might hamper a significant federal interest, since Congress has mandated a policy of encouraging voluntary settlement of Title VII claims. *See* 42 U.S.C. § 2000e–5(b); *United States v. Allegheny-Ludlum Industries, Inc.*, 517 F.2d 826, 846–47 (5th Cir. 1975), *cert. denied*, 425 U.S. 944, 96 S.Ct. 1684, 48 L.Ed.2d 187 (1976). It bears noting, finally, that the Supreme Court has already established prerequisites to the validity of settlement agreements in Title VII suits. *See Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 52 n.15, 94 S.Ct. 1011, 1021 n.15, 39 L.Ed.2d 147 (1974) (employee must knowingly and voluntarily consent to settlement agreement under which he waives his right to pursue a Title VII action). We conclude that federal law determines the validity of oral settlement agreements in employment discrimination actions brought pursuant to Title VII.[2]

### III.

■ As noted above, federal law requires that a settlement of a Title VII claim be entered into "voluntarily and knowingly" by the plaintiff. *Alexander v. Gardner-Denver Co.*, 415 U.S. at 52 n.15, 94 S.Ct. at 1021 n.15; *Mosley v. St. Louis Southwestern Railway*, 634 F.2d 942, 946 n.5 (5th Cir. 1981). Federal law does not require, however, that the settlement be reduced to writing. Absent a factual basis rendering it invalid, an oral agreement to settle a Title VII claim is enforceable against a plaintiff who knowingly and voluntarily agreed to the terms of the settlement or authorized his attorney to settle the dispute. If a party to a Title VII suit who has previously authorized a settlement changes his mind when presented with the settlement documents, that party remains bound by the terms of the agreement. *See Odomes v. Nucare, Inc.*, 653 F.2d 246, 252 (6th Cir. 1981); *Harrop v. Western Airlines, Inc.*, 550 F.2d 1143, 1144 (9th Cir. 1977); *Kuykendall v. Rockwell International Corp.*, 20 Empl.Prac.Dec. ¶ 30,015, 11089 (D.C.Cal. 1979); *Lyght v. Ford Motor Co.*, 458 F.Supp. 137, 142 (E.D.Mich.1978), *vacated and remanded on other grounds*, 643 F.2d 435 (6th Cir. 1981).

### IV.

At the evidentiary hearing below, Mr. Hernandez testified that Fulgence expressly authorized him to settle the case and approved both the monetary amount offered by McDermott and the terms of the amended release documents prepared by counsel. Fulgence did not rebut this testimony. The hearing revealed no taint of

---

**2.** This conclusion accords with the law in other areas of federal question jurisdiction. *See, e. g., Maynard v. Durham & Southern Railway Co.*, 365 U.S. 160, 161, 81 S.Ct. 561, 562, 5 L.Ed.2d 486 (1961) (federal law determines validity of releases under Federal Employers' Liability Act); *Strange v. Gulf & South American Steamship Co.*, 495 F.2d 1235, 1236 (5th Cir. 1974) (federal law determines validity of oral settlement agreements within federal courts' admiralty and maritime jurisdiction); *Theatre Time Clock Co. v. Motion Picture Advertising Corp.*, 323 F.Supp. 172, 175 (E.D.La.1971) (federal law determines validity of oral settlement agreements in federal antitrust actions) (dictum).

fraud, coercion, or overreaching by McDermott in the negotiations leading to the settlement. There was no evidence that Fulgence's counsel was incompetent or that he colluded with counsel for McDermott. The amount of the settlement appears fair in light of the circumstances.[3]

The evidence supports the district court's determination that Fulgence entered into a valid oral settlement agreement with McDermott. The district court's order enforcing the settlement agreement is accordingly

AFFIRMED.

---

**3.** The settlement amount was relatively low because Fulgence claims he was totally disabled as a result of an on-the-job injury he sustained before his employment was terminated.