Margaret G. SOMERVELL, Plaintiff,

v.

BAXTER HEALTHCARE CORPORATION, Defendant.

Civil Action No. 96–2207 (AER).

United States District Court, D. Columbia.

June 4, 1997.

---

Walter H. Fleisher, Washington, DC, for Plaintiff.

Jana Howard Carey, Todd J. Horn, Venable, Baetjer, Howard & Civiletti, Baltimore, MD, Patrick J. Stewart, Venable, Baetjer, Howard & Civiletti, Washington, DC, for Defendant.

### *MEMORANDUM OPINION AND ORDER*

AUBREY E. ROBINSON, Jr., District Judge.

This matter is before the Court on Defendant Baxter Healthcare Corporation's Motion to Dismiss or, in the alternative, for Summary Judgment. The Court has carefully considered the pleadings of the parties, the entire record contained herein, and the arguments made by counsel at a hearing held in this action on January 22, 1997. For the reasons set forth herein, the Court grants Baxter's motion and dismisses the case.

### I. BACKGROUND

In October 1995, Defendant Baxter Healthcare Corporation fired Plaintiff Margaret Somervell from her employment with Baxter. Somervell contends her firing violated the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12112, 12132, and the District of Columbia's Human Rights law, D.C.Code § 1–2501 *et seq.* In addition, Somervell asserts that Baxter's behavior surrounding her firing constituted illegal coercion and intentional infliction of emotional harm. Baxter has moved to dismiss the complaint or alternatively for summary judgment because of a settlement and release agreement allegedly entered into by the parties.

The release states:

In exchange for the benefits under this agreement, you waive your right to file or participate as a class member in any claims or lawsuits (whether or not you now know the basis for the claims or lawsuits) with federal or state agencies or courts against the Company and its employee benefit plans, including their present and former director, officers, employees, agents and fiduciaries. This waiver of release includes, but is not limited to, all claims of unlawful discrimination in regard to age, race, sex, color, religion, national origin and disability under Title VII of the Civil Rights Act, the Age Discrimination in Employment Act, or any other federal or state statutes, all claims for wrongful employment termination or breach of contract and any other claims relating to your employment or termination of employment with the Company.

Appendix 1 to Defendant's Memorandum at 4 (the "release"). The Court is convinced, and Somervell has not argued otherwise, that if the release is binding on Somervell, her lawsuit against Baxter is barred. It is undisputed that Somervell did not sign the release. However, Baxter argues that although Somervell did not sign the release, Somervell's receipt of the monetary consideration paid by Baxter to Somervell in exchange for the release binds her to its terms.

On October 9, 1995, Baxter representatives met with Somervell and fired her because of performance and behavioral problems. Baxter presented Somervell with the release, which was titled an "Employment Termination and General Release Agreement."

The agreement specified that in "consideration for signing this agreement, you will receive three months salary totaling $9,100.20 less applicable taxes." It also specified that Somervell's "accrued and unused vacation time will be paid to [her] in a lump sum totaling $3,033.40." Further, the agreement outlined the parties' respective obligations in a number of areas relating to insurance, disability, 401(k), stock purchase, education assistance, and the credit union. The release also contained the language quoted above.

The release required the employee to "acknowledge[s] that the benefits provided in this agreement exceed the benefits you would normally receive and that those extra benefits are provided by the Company in exchange for your signing this agreement." During the October 9 meeting, Baxter told Somervell that the payment of the three months salary was in exchange for Somervell's waiver of her right to sue. Conversely, Baxter told Somervell that the accrued vacation and leave time payment was not in exchange for signing the release agreement, but was, instead, something that Baxter owed Somervell regardless of her signature on the release agreement.

Somervell did not sign the agreement. Nonetheless, on October 20, 1995, Baxter made two direct deposits into Somervell's bank account in the amounts of $5,368.96 and $1,949.04. The payments represented the three months salary, minus taxes, and Somervell's accrued leave time, minus taxes. Baxter admitted that it made the $5,368.96 deposit in error; Baxter's payroll department should not have made the payment until Somervell signed and returned the release. Accordingly, on November 6, 1995, Baxter wrote to Somervell. The letter mentioned the $5,368.96 payment, and said that Baxter deposited that amount due to a payroll error. The letter restated that the three months salary payment was in exchange for signing the release, and requested that Somervell either return the signed agreement or the $5,368.96.

In response, on December 18, 1995, Somervell wrote back to Baxter. Somervell stated that she was confused as to the contents of the letter, and questioned what the $5,368.96 payment was for. Somervell also stated that she never received the payment for her accrued and unused vacation time. To date, Somervell has refused to return the money paid to her.

## II. DISCUSSION

### A. *Overview*

Pursuant to Federal Rule of Civil Procedure 12(b), the Court, because it must rely on matters outside of the pleadings to resolve this motion, will treat Baxter's motion as a motion for Summary Judgment under Federal Rule of Civil Procedure 56. Federal Rule of Civil Procedure 56(c) provides that the Court should enter summary judgment in favor of a party if "there is no genuine issue as to any material fact and [ ] the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). To defeat a motion for summary judgment, Plaintiff may not rest on her pleadings, but must set forth specific facts that are in dispute. Fed. F.Civ.P. 56(e). The disputed facts must be sufficient to allow a reasonable jury to find for Plaintiff. *Washington Post Co. v. HHS,* 865 F.2d 320, 325 (D.C.Cir.1989); *Laningham v. United States Navy,* 813 F.2d 1236, 1242 (D.C.Cir.1987). When evaluating a summary judgment motion, the Court must view the evidence in favor of the nonmoving party, and believe and give the benefit of all reasonable inferences drawn from the nonmoving party's evidence. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 2513–14, 91 L.Ed.2d 202 (1986); *Washington Post,* 865 F.2d at 325.

This case requires the Court to determine as a legal issue whether Somervell's release of Baxter is effective because of her receipt and retention of the consideration paid pursuant to an unsigned agreement. To resolve this issue, the Court must consider two related contract law doctrines—releases of liability and ratification of contracts by conduct. The Court then must apply those general contract principles in the context of an employment discrimination suit.

## B. *Knowing and Voluntary Release*

In general, a release is an ordinary contract. *Wolcott v. Ginsburg*, 697 F.Supp. 540, 544 (D.D.C.1988). In the District of Columbia, a valid release, like any other contract, requires consideration. *Id.; Wiggins v. Hitchens*, 853 F.Supp. 505, 514 (D.D.C. 1994) ("A covenant not to sue is a contract under which one party promises never to sue the other party or third person to enforce a claim. The District of Columbia requires such contracts to be supported by consideration."). In the employment law context, courts generally have required that the employee knowingly and voluntarily release her claims. *Rivera–Flores v. Bristol–Myers Squibb Caribbean*, 112 F.3d 9, 11–12 (1st. Cir.1997) (requiring voluntary and knowing release of ADA claims); *Puentes v. UPS, Inc.*, 86 F.3d 196, 198 (11th Cir.1996) (noting that an employment discrimination waiver "must be closely scrutinized" and applying a totality of the circumstances test to determine if the waiver is valid); *Pierce v. Atchison, Topeka & Santa Fe Ry. Co.*, 65 F.3d 562, 571 (7th Cir.1995) (applying a stricter totality of the circumstances rule instead of common law contract principles to evaluate the validity of a waiver in the employment discrimination context); *Blistein v. St. John's College*, 74 F.3d 1459, 1465 (4th Cir.1996) (discussing ADEA releases); *Nicholas v. NYNEX, Inc.*, 929 F.Supp. 727 (S.D.N.Y. 1996) (discussing ADEA and Title VII releases).

In this case, the Court has no difficulty in determining that, had Somervell signed the release, it would be supported by sufficient consideration and be knowing and voluntary. Baxter's offer of increased severance benefits clearly provides sufficient consideration for the release. *Rivera–Flores v. Bristol–Myers Squibb Caribbean*, 112 F.3d 9, 11 ("Courts have, in the employment law context, commonly upheld releases given in exchange for additional benefits."). Moreover, it is undisputed that Somervell knew the subject matter of the agreement. Som-

ervell's own declaration indicated her knowledge that consummation of the release would waive her rights. (Somervell Declaration Paragraph 4.) Accordingly, there is no doubt that the release, if consummated, would be supported by sufficient consideration and be knowing and voluntary.[1]

## C. *Ratification*

The more difficult issue, and one not squarely answered by any precedent, is whether Somervell's receipt and retention of the consideration paid under a release of employment related claims can substitute for her signature on the release. Because the release is an ordinary contract, the logical starting point is ordinary contract law. In *Davis v. Winfield*, 664 A.2d 836, 837 (D.C. 1995), the District of Columbia Court of Appeals discussed the exact issue here: is a contract valid without the signature of a party.[2] The court stated that:

> When the parties to a contract set forth the terms of their agreement in writing and manifest in some manner a clear intent to be bound, the absence of one party's signature on the written agreement will not defeat or invalidate the contract. The purpose of a signature is simply to demonstrate mutual assent to a contract, but that may be shown instead, or in addition, by the conduct of the parties.

*Id.* Receipt of contractual benefits is such conduct that forms a binding agreement notwithstanding the lack of a signature on the contract. *See, e.g., Skelton v. General Motors Corp.*, 860 F.2d 250, 259 (7th Cir.1988) ("Although Moore was not a signatory to it, his conduct binds him to the agreement."). In the employment law context, numerous courts have held parties to releases ratified by retention of the benefits paid under the agreement. *See, e.g., O'Shea v. Commercial Credit Corp.*, 930 F.2d 358 (4th Cir.1991) (holding that the employee's "subsequent acceptance of the severance pay demonstrated

---

1. Whether Somervell knowingly entered into the agreement, as opposed to knowing the import of the agreement, is treated below in the discussion of ratification.

2. Although the *Davis* case involved a lease, the court held that a lease should be treated as any other contract. *Davis*, 664 A.2d at 836.

an intent to ratify the agreement"); [3] *Blistein,* 74 F.3d at 1467 ("By accepting the benefits of that agreement, with full awareness that that agreement did not meet the requirements of the [Older Workers Benefit Protection Act] Blistein ratified it and thereby forewent any claim under the [Age Discrimination in Employment Act."]) (footnote omitted).

Applying these principles to this case, the Court is convinced that the only reasonable conclusion to be drawn from the undisputed facts is that Somervell ratified the release. The facts on which this legal conclusion is based are simple: Baxter told Somervell that the payment of $5,368.96 was in exchange for the release, and spelled that out in the agreement. Somervell knew of her receipt of the money from the payroll stub that she received in the mail, or from bank statements showing her deposits. Baxter also wrote Somervell that the money was in exchange for the release. The only reasonable inference from those facts is that Somervell knew that the money was in exchange for her release, and, therefore, her decision to keep that money ratified the release.

Somervell's strongest argument against ratification [4] is that she did not know that keeping the payments would result in the consummation of the release. Rather, Somervell contends that she thought the payment into her account was severance that Baxter owed her. As a result, Somervell argues that the release is illusory because the promised consideration was something to which she was entitled. Additionally, Somervell argues that the release was not knowingly entered into if Somervell did not know the effect of her conduct, and therefore does not comply with the knowing requirement to waive her right to sue.

As a factual matter, however, Somervell's lack of knowledge argument is not persuasive in light of all of the facts to the contrary, and is insufficient to survive summary judgment. Somervell cites her declaration and her letter of December 18, 1995, asking for a clarification as evidence that she did not know that the payment was in exchange for the release. However, Baxter at least twice explicitly informed Somervell that the payment was not severance. Moreover, if Somervell thought that the money was severance, upon receiving explicit information that the money was not severance, it should have been returned or an objection noted. *Skelton,* 860 F.2d at 259 (noting that a failure to object evidences an intent to be bound). Somervell's declaration is insufficient to challenge the inference from all of the undisputed facts that Somervell knew that the payment was consideration for the release. *O'Shea,* 930 F.2d at 362–63 (affirming validity of a release of ADEA claims when the facts indicated that the employee knew that the money received was in exchange for the release, notwithstanding the employee's contention that "she accepted the severance pay because she believed it to be her entitlement and not because she intended to ratify the agreement"). *See, e.g., Lund v. Albrecht,* 936 F.2d 459, 466 (9th Cir.1991) (noting that objective language of the release controls over the subjective beliefs of a party to the release); *Akinyemi v. National Railroad Passenger Corp.,* 640 F.2d 1345, 1346 (D.C.Cir.1980) (affirming summary judgment based upon a release where the only evidence supporting the Plaintiff's argument was his own assertions); *Brady v. Perry,* 910 F.Supp. 1564 (N.D.Ala. 1996) (affirming validity of oral settlement agreement when Plaintiff's arguments that she did not have capacity to enter into the agreement was not a reasonable inference from the facts).

As a result of keeping the benefit of the agreement, Somervell has ratified the release and created valid contract obligations. During oral argument, Somervell's counsel argued that granting Baxter's motion sets a bad precedent that allows companies to force employees into waiving statutory rights by direct depositing money into their accounts.

3. While Congress reversed part of *O'Shea* dealing with standards for releasing age discrimination claims, the court's ratification analysis remains valid.

4. Somervell's memorandum in opposition to the motion discusses in detail principles relating to accord and satisfaction. However, these principles clearly are neither directly applicable nor analogous to this case.

However, this is not an accurate description of the precedent of this case. Somervell could have avoided the agreement by returning the money to Baxter. When she chose not to, she ratified the agreement and is bound by its terms. The precedent in this case is that an employee may not "have it both ways" by retaining the consideration paid pursuant to a release of liability and the right to sue. *O'Shea,* 930 F.2d at 363. ("Clearly, O'Shea sought to have it both ways, and that is something which the doctrine of ratification was designed not to permit.")

Because the Court holds that Somervell's knowing retention of consideration paid under an unsigned release ratifies the agreement, Somervell's action is barred by the terms of the release. Accordingly, summary judgment in favor of Baxter is appropriate.

### III.  CONCLUSION

For the reasons set forth herein, it is by the Court this day 4th day of June 1997,

**ORDERED,** that Defendant Baxter Healthcare Corporation's Motion for Summary Judgment be and is hereby **GRANTED;** and it is

**FURTHER ORDERED,** that this civil action be and is hereby **DISMISSED WITH PREJUDICE.**