T.C. Memo. 2007-37

UNITED STATES TAX COURT

GRAEME C. REVELL AND BRENDA S. REVELL, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 1636-04.            Filed February 20, 2007.

Warren N. Nemiroff, for petitioners.

Jack H. Klinghoffer, for respondent.

MEMORANDUM OPINION

LARO, Judge:  On March 20, 2006, the parties filed with the
Court a stipulation of settled issues (settlement stipulation)
that included this case and five other cases that had been
consolidated therewith.  Respondent now moves the Court to enter
a decision in this case that is consistent with the settlement
stipulation and has attached to his motion the computations

underlying his requested decision.[1]  Petitioners object to respondent's motion, asserting, as we understand it, that the decision to be entered in this case should be based not on the settlement stipulation but on figures computed by respondent during settlement negotiations.  Respondent has filed with the Court a reply to petitioners' opposition.  For the reasons stated herein, we shall grant respondent's motion.

A controversy before this Court may be settled by the parties through stipulation.  See <u>Dorchester Indus. Inc. v. Commissioner</u>, 108 T.C. 320, 329 (1997), affd. without published opinion 208 F.3d 205 (3d Cir. 2000).  In that a stipulation is essentially a contract, see <u>Stamos v. Commissioner</u>, 87 T.C. 1451, 1455 (1986), general principles of contract law determine whether a settlement has been reached and, if so, whether the stipulation is binding and enforceable, see <u>Dorchester Indus. Inc. v. Commissioner</u>, <u>supra</u> at 330.  Under such principles, we enforce a stipulation of settlement that has led to the cancellation of the trial, absent a showing of lack of formal consent, fraud, mutual mistake, or some similar ground; a mistake by just one party to a stipulation of settlement is not a sufficient ground to disregard the stipulation.  See <u>Dorchester Indus. Inc. v. Commissioner</u>,

---

[1] The parties agree on the decision to be entered in each of the other five referenced cases.

supra; <u>Stamm Intl. Corp. v. Commissioner</u>, 90 T.C. 315, 320-321 (1988).

Petitioners claim that the Court should disregard the settlement stipulation signed by them because the decision flowing from the stipulation does not reflect their understanding of the settlement.  We disagree that we should disregard the settlement stipulation for the reason that petitioners state. Even if petitioners had mistakenly signed the document, such a unilateral mistake is not a sufficient ground to set aside an otherwise enforceable settlement stipulation.  Such is especially so given that petitioners are represented by counsel and that their signing of the settlement stipulation was on the eve of their trial.  See <u>Stamm Intl. Corp. v. Commissioner</u>, <u>supra</u> at 321-322.

We hold that petitioners are bound by the amounts shown in the settlement stipulation and the decision that flows therefrom. We have considered all arguments made by petitioners for a contrary holding and consider those arguments not discussed herein to be without merit.  To reflect the foregoing,

<u>An appropriate order and decision will be entered</u>.