# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-60423
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
November 19, 2015

Lyle W. Cayce
Clerk

MERCEDES OCHOA-BUNSOW,

     Petitioner - Appellant

v.

COMMISSIONER OF INTERNAL REVENUE,

     Respondent - Appellee

Appeal from a Decision of the
United States Tax Court
TC Docket No. 21759-13

Before WIENER, HIGGINSON, and COSTA, Circuit Judges.

PER CURIAM:*

    Taxpayer Mercedes Ochoa-Bunsow brings this appeal to partially unwind a settlement with the Commissioner of Internal Revenue. She argues that her original attorney made a serious mistake when he stipulated that $477,121 of Ochoa-Bunsow's income from 2006 should be categorized as gross receipts. We do not reach the merits of Ochoa-Bunsow's complaints regarding

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-60423

her 2006 income. It is enough to say that the only possible error she has identified falls at the feet of her counsel. We therefore affirm.

## I.

The stipulation at issue was part of a package of 39 stipulations entered into the record on the day of trial. The stipulations resolved all issues and avoided trial. Ochoa-Bunsow's original attorney-of-record signed the stipulations on her behalf.

Before the settlement could be committed to a final decision, Ochoa-Bunsow attempted to renegotiate at least one of the 39 stipulations. The Commission declined to reopen negotiations and filed an opposed motion for entry of decision based on the settlement reached on the day of trial.

Ochoa-Bunsow—now with new counsel[1]—objected to entry of decision and moved to set aside the first of the 39 stipulations. Both filings cited mistake and manifest injustice as grounds for disturbing the first stipulation. According to Ochoa-Bunsow, her original attorney failed to understand the character of certain payments she received in 2006. She states that these payments were loans received in connection with a business venture that was a total loss. The first stipulation instead categorized these payments as gross receipts.

In addition to these averments of mistake and manifest injustice, Ochoa-Bunsow's objection to entry of decision stated that her original attorney entered into the first stipulation "without [Ochoa-Bunsow's] full knowledge and consent." She did not submit testimony from either herself or her original attorney on this alleged lack of knowledge and consent.

---

[1] Ochoa-Bunsow obtained new counsel around this time, although her original attorney-of-record has never formally withdrawn.

No. 15-60423

The tax court denied Ochoa-Bunsow's motion to set aside the first stipulation and granted the Commissioner's motion for entry of decision over her objection. Ochoa-Bunsow filed a motion to vacate the decision which the tax court denied.[2] This appeal followed.

## II.

We see no error in the tax court's entry of decision enforcing all 39 of the parties' stipulations. The authority of Ochoa-Bunsow's attorney-of-record to enter into a settlement on her behalf is governed by federal law. *See Fulgence v. J. Ray McDermott & Co.*, 662 F.2d 1207, 1209 (5th Cir. 1981) (federal law determines the validity of a settlement agreement resolving federal claims); *see also United States v. Int'l Bhd. Of Teamsters*, 986 F.2d 15, 20 (2d Cir. 1993) ("In a case arising under federal law, the scope of an agent's authority is determined according to federal precedent."). Under federal law, an attorney-of-record is presumed to have settlement authority. *See Quesada v. Napolitano*, 701 F.3d 1080, 1083 (5th Cir. 2012). Ochoa-Bunsow can rebut this presumption, but it requires some evidentiary showing on her part. As the tax court noted, Ochoa-Bunsow failed to support her filings with evidence. Ordinarily, "disputed issues of the validity and scope" of a settlement agreement—such as an attorney's settlement authority—should be resolved by an evidentiary hearing. *See Mid-South Towing Co. v. Har-Win, Inc.*, 733 F.2d 386, 390–91 (5th Cir. 1984). But in this case, no dispute of fact was shown, and the tax court did not abuse its discretion when it summarily enforced the parties' preexisting agreement. *Cf. In re Deepwater Horizon*, 786 F.3d 344, 354

---

[2] Ochoa-Bunsow's notice of appeal indicates that she seeks review of the tax court's order denying her motion to vacate the decision. But her arguments on appeal are directed to the tax court's order enforcing the settlement agreement. To the extent that Ochoa-Bunsow believes the tax court abused its discretion when it refused to vacate its prior order, she waived her arguments by failing to press them in her opening brief. *See United States v. Scroggins*, 599 F.3d 433, 446–47 (5th Cir. 2010).

(5th Cir. 2015) (a lower court's decision to "summarily enforce a settlement agreement [when] no material facts are in dispute" is reviewed for "abuse of discretion only"). Indeed, that Ochoa-Bunsow seeks to disturb only one of 39 stipulations proves that her problem with her original attorney's actions is not that he exceeded the bounds of his authority, but that he committed her to a position she does not wish to maintain.

The tax court properly rejected Ochoa-Bunsow's two alternative grounds for upending the first stipulation. She contends that her attorney made a mistake, but "a mistake by just one party to a stipulation of settlement is not a sufficient ground to disregard the stipulation." *Revell v. Comm'r*, 93 T.C.M. (CCH) 913 (2007); *see also Mid-South Towing*, 733 F.2d at 391 ("[A] unilateral mistake of fact is not a basis for avoidance of a settlement agreement . . . ."). Nor is it clear that the deal struck on her behalf will work a manifest injustice. As described by the Commissioner, the 39 stipulations that resolved this tax dispute were interrelated and negotiated as a package; some stipulations broke in the Commissioner's favor and others benefitted Ochoa-Bunsow. In the end, Ochoa-Bunsow agreed to pay $78,219.91 of a deficiency originally valued at $233,519.55. That Ochoa-Bunsow might have been able to show that the 2006 payments were business loans rather than gross receipts, had she taken the matter to trial, does not justify disturbing the parties' original bargain. *See United States v. Armour & Co.*, 402 U.S. 673, 681–82 (1971) (recognizing that "a compromise" agreement in which the each side "give[s] up something they might have won had they proceeded with litigation" must be enforced according to its terms rather than how "it might have been written had the plaintiff established his factual claims and legal theories in litigation").

No. 15-60423

## III.

To the extent Ochoa-Bunsow's allegations about her counsel's performance have merit, she may have a basis for separate litigation against him. But we find no legal grounds to undo the settlement he had authority to enter into on her behalf and from which she has obtained some benefits.

AFFIRMED.