# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 5, 2024

Lyle W. Cayce
Clerk

—————————

No. 23-30778

—————————

CARL CAVALIER,

*Plaintiff—Appellant*,

*versus*

JILL L. CRAFT ATTORNEY AT LAW, L.L.C.,

*Intervenor Plaintiff—Appellee*,

*versus*

LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS, PUBLIC SAFETY SERVICES; LOUISIANA OFFICE OF STATE POLICE; LAMAR A. DAVIS, *individually and in his official capacity as Superintendent of the Office of State Police*,

*Defendants—Appellees*.

———————————————————————

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:21-CV-656

———————————————————————

Before DENNIS, WILLETT, and DUNCAN, *Circuit Judges*.

No. 23-30778

Per Curiam:[*]

Plaintiff-Appellant Carl Cavalier, proceeding *pro se*, appeals the district court's refusal to reconsider its enforcement of a settlement agreement. Because the district court did not abuse its discretion, we AFFIRM.

## I.

Cavalier was fired from his job as a Louisiana State Police Trooper. On September 30, 2021, Cavalier, represented by counsel, filed suit in the Louisiana 19th Judicial District Court against his former employers, Defendant-Appellees the Louisiana Department of Public Safety and Corrections, Public Safety Services; the Louisiana Office of State Police; and Lamar A. Davis, individually and in his official capacity as Superintendent of the Office of State Police. Cavalier alleged retaliatory discharge in violation of the First Amendment, through 42 U.S.C. § 1983, and wrongful termination under Louisiana's whistleblower law, La. R.S. 23:967. The Defendants removed the case to the U.S. District Court for the Middle District of Louisiana on the basis of federal question and supplemental jurisdiction. *See* 28 U.S.C. §§ 1331, 1367, 1441.

On October 6, 2022, the parties attended a mandated settlement conference with the magistrate judge and agreed to settle the case. The magistrate judge confirmed the terms of the settlement with each party— including Cavalier—and each verbally expressed agreement. The settlement conference was not transcribed, but Cavalier has acknowledged in an affidavit that he verbally agreed to the settlement at that time. The parties' attorneys confirmed the terms of the settlement over e-mail that evening, and Cavalier

―――――――――――――――

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

replied, "Received." Among other terms, the agreement stated that the Defendants would pay Cavalier $200,000, that Cavalier resigned from his previous position, and Cavalier would not seek to be rehired. That same day, the magistrate judge issued an order stating the parties had reached a settlement, and the next day, October 7, 2022, the district judge conditionally dismissed the case, to be reopened if the settlement was not consummated.

About a week later, on October 13, 2022, Cavalier expressed dissatisfaction with the settlement to his counsel, who subsequently withdrew from representing Cavalier.[1] Cavalier obtained new counsel, who filed a motion to reopen the case and rescind the settlement, arguing (1) no settlement agreement was confected; (2) Cavalier's consent was vitiated by duress; and (3) his former counsel did not have authority to confirm the settlement. The Defendants opposed and filed a competing motion to enforce the settlement agreement, which Cavalier opposed.

On February 24, 2023, the magistrate judge issued a report and recommendation rejecting Cavalier's arguments and recommending the Defendants' motion to enforce be granted because (1) there was a binding settlement agreement under either federal or Louisiana law; (2) Cavalier failed to show duress; and (3) Cavalier, not his attorney, agreed to the settlement. Cavalier filed objections, and on May 22, 2023, the district judge, after an independent review of the record, overruled the objections and adopted the magistrate judge's report and recommendation.

On June 21, 2023, Cavalier, electing to proceed *pro se*, filed a motion for rehearing of the district judge's May 22, 2023, order enforcing the

---

[1] Cavalier's former counsel eventually intervened as Intervenor-Appellee Jill L. Craft Attorney at Law, L.L.C., in order to protect their contingency fee arrangement with Cavalier.

settlement agreement. Cavalier re-urged his arguments that (1) no valid settlement had been confected, including a new argument that the parties failed to file a "Joint Notice of Settlement" under Local Rule 16(c); (2) he only agreed to the settlement under duress; and (3) his former counsel was without authority to settle the case and violated ethical obligations in so doing.

On October 24, 2023, the district judge issued an order construing Cavalier's motion as brought under Federal Rule of Civil Procedure 59(e) and denying the motion because it rehashed arguments the court had already considered and rejected. On November 3, 2023, Cavalier filed a notice of appeal.

## II.

On appeal, Cavalier challenges only the denial of his motion for rehearing. Although the Federal Rules of Civil Procedure do not authorize motions for reconsideration or rehearing, "such a motion may be considered either a Rule 59(e) motion to alter or amend judgment or a Rule 60(b) motion for relief from judgment or order." *See Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 n.1 (5th Cir. 2004) (citing *Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n.10 (5th Cir. 1998)). How courts construe the motion depends on timing. *See id.* If the motion is filed within the time prescribed for filing a Rule 59(e) motion—twenty-eight days after "the judgment or order of which the party complains"—"it is considered a Rule 59(e) motion; otherwise, it is treated as a Rule 60(b) motion." *See id.* (citing *Hamilton Plaintiffs*, 147 F.3d at 371 n.10);[2] Fᴇᴅ. R. Cɪᴠ. P. 59(e) ("A motion to alter

---

[2] In *Shepherd*, we stated that a motion for reconsideration should be considered a Rule 59(e) motion if filed within ten days of the judgment or order in question. 372 F.3d at 328 n.1. That timeline was derived from the then-existing requirement that Rule 59(e) motions be filed within ten days of the judgment or order of which the party complained.

or amend a judgment must be filed no later than 28 days after the entry of judgment."). Because Cavalier filed his motion for rehearing on June 21—thirty days after the district judge's May 22 order—Cavalier's motion is properly construed as a Rule 60(b) motion for relief from judgment.

We review the denial of a Rule 60(b) motion for abuse of discretion. *Edwards v. City of Houston*, 78 F.3d 983, 995 (5th Cir. 1996) (en banc). "A district court abuses its discretion if it bases its decision on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 638 (5th Cir. 2005) (quoting *Kennedy v. Tex. Utils.*, 179 F.3d 258, 265 (5th Cir. 1999)). "[W]e liberally construe briefs of *pro se* litigants and apply less stringent standards to parties proceeding *pro se* than to parties represented by counsel . . . ." *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995).

Relevant here, Rule 60(b)(1) permits a party to seek relief based on "mistake, inadvertence, surprise, or excusable neglect." "[A] 'mistake' under Rule 60(b)(1) includes a judge's errors of law." *Kemp v. United States*, 596 U.S. 528, 533–34 (2022). "Rule 60(b)(1) covers all mistakes of law made by a judge," not merely "'obvious' legal mistakes." *Id.* at 534. "Mistake" also covers "factual errors." *Id.* at 536. Cavalier raises several arguments for why the district court legally and factually erred in enforcing the settlement agreement.

A district court has inherent power to enforce settlements in cases before it, *Mid-South Towing Co. v. Har-Win, Inc.*, 733 F.2d 386, 389 (5th Cir. 1984) (citation omitted), and it may do so after dismissal of a case if it retains jurisdiction to enforce said settlement, *Kokkenen v. Guardian Life Ins. Co. of*

---

The 2009 amendments to the Federal Rules of Civil Procedure changed that deadline to twenty-eight days. Fᴇᴅ. R. Cɪᴠ. P. 59(e) committee's notes to 2009 amendment.

*Am.*, 511 U.S. 375, 378 (1994). "A district court may summarily enforce a settlement agreement if no material facts are in dispute"; otherwise, an evidentiary hearing is required. *In re Deepwater Horizon*, 786 F.3d 344, 354 (5th Cir. 2015) (citing *Mid-South Towing*, 733 F.2d at 390).

As an initial matter, Cavalier argues Louisiana law governs the validity and enforceability of the settlement. However, as the magistrate judge noted, it is unclear whether federal or Louisiana law applies to the settlement in this case. We have held that "[q]uestions regarding the enforceability or validity of [settlement] agreements are determined by federal law . . . where the substantive rights and liabilities of the parties derive from federal law." *Mid-South Towing Co.*, 733 F.2d at 389. We have stated "[t]his conclusion accords with the law in other areas of federal question jurisdiction." *Fulgence v. J. Ray McDermott & Co.*, 662 F.2d 1207, 1209 n.2 (5th Cir. 1981) (Title VII); *see also Macktal v. Sec'y of Lab.*, 923 F.2d 1150, 1157 (5th Cir. 1991) (Section 210 of the Energy Reorganization Act of 1974); *In re Deepwater Horizon*, 786 F.3d at 355 (general maritime law and Jones Act); *Fisk Elec. Co. v. DQSI, L.L.C.*, 894 F.3d 645 (5th Cir. 2018) (Miller Act). On the other hand, we have held that "where jurisdiction is based upon diversity of citizenship, we will apply the substantive law of [the state] to determine whether the settlement agreement allegedly entered into between [the parties] is enforceable." *Lockette v. Greyhound Lines, Inc.*, 817 F.2d 1182, 1185 (5th Cir. 1987); *see also Sundown Energy L.P. v. Haller*, 773 F.3d 606, 611 (5th Cir. 2014) (stating more broadly that "the construction and enforcement of settlement agreements is governed by the principles of state law applicable to contracts generally" (quoting *E. Energy, Inc. v. Unico Oil & Gas, Inc.*, 861 F.2d 1379, 1380 (5th Cir. 1988)). As the magistrate judge noted, we have never explicitly stated what law applies when, as here, the plaintiff brought claims under both federal and state law. Considering our precedent, we conclude that because Cavalier brought a claim under § 1983 and our original jurisdiction is based on a federal

question, not diversity, federal law determines the validity and enforceability of the settlement. *See Mid-South Towing Co.*, 733 F.2d at 389; *Fulgence*, 662 F.2d at 1209 n.2; *cf. Lockette*, 817 F.2d at 1185.

Federal law governing settlement agreements applies the general common law principles of contracts. *See In re Deepwater Horizon*, 786 F.3d at 354. To form a settlement agreement, there must be an offer, an acceptance, consideration, the inclusion of all material or essential terms, and a meeting of the minds among the parties. *See id.* at 355–60. An offer and acceptance "is judged by the parties' overt acts and words, not by the subjective or secret intent of the [parties]." *Id.* at 355 (citation omitted). For there to have been a meeting of the minds, the parties must have "knowingly and voluntarily" entered into the agreement. *Bowers v. Abundant Home Health, L.L.C.*, 803 F. App'x 765, 767 (5th Cir. 2020) (per curiam) (citing *Am. Heritage Life Ins. Co. v. Lang*, 321 F.3d 533, 538 (5th Cir. 2003)). So long as these requirements have been met, "[f]ederal law does not require settlement agreements to be reduced to writing." *EEOC v. Philip Servs. Corp.*, 635 F.3d 164, 167 (5th Cir. 2011) (citing *Fulgence*, 662 F.2d at 1209).

Cavalier argues the parties did not form a valid settlement agreement. He argues he did not agree to a settlement, and he did not give his attorney the authority to settle the case. He also argues the settlement did not address all material terms. Specifically, he told his former counsel prior to the settlement conference that a $200,000 payment from the Defendants was not enough and that he wanted to return to his former position as part of the settlement. Additionally, citing Louisiana law, Cavalier argues the settlement is unenforceable because it was neither transcribed in open court nor reduced to writing and signed by him. *See* La. Civ. Code art. 3072. Finally, Cavalier argues the settlement is unenforceable because his former counsel

did not file a "Joint Notice of Settlement" into the record, in accordance with Local Rule 16(c) of the Middle District of Louisiana.[3]

The undisputed facts in the record show the parties entered into a valid settlement agreement. During the settlement conference with the magistrate judge, the parties agreed on settlement terms, which were recited before the magistrate judge, and Cavalier orally agreed to the terms before the magistrate judge. These terms were then confirmed over e-mail. While Cavalier points to statements he made to his attorney before the settlement conference expressing misgiving with some of the terms that eventually formed the settlement, these prior statements do not negate his overt and express agreement to them at the conference. Further, Cavalier himself, not his attorney, agreed to the settlement, so his arguments about the authority of his counsel to settle the case are irrelevant. The agreement addressed all material terms, including payment by the Defendants and Cavalier's future employment. That he is dissatisfied with these terms in retrospect does not negate the agreement.

The parties' agreement is also enforceable. While Cavalier complains that he did not agree in writing, federal law allows oral settlement agreements. *Philip Servs. Corp.*, 635 F.3d at 167. And although the parties did

---

[3] Local Rule 16(c) states:

Whenever a civil case is settled or otherwise disposed of, counsel shall immediately file a Joint Notice of Settlement, signed by counsel for Plaintiff, into the record. Additionally, counsel shall immediately inform the Clerk's office, the Judge to whom the case is assigned, and shall comply with LR45(b) relative to all persons subpoenaed as witnesses. If a civil case is settled as to fewer than all of the parties or all of the claims, the Joint Notice shall also set forth the remaining parties and unsettled claims. The Joint Notice may also include a request for a conditional order of dismissal, allowing for reinstatement of the matter if the settlement is not consummated within the time stated in the order of dismissal.

No. 23-30778

not file a "Joint Notice of Settlement" into the record in accordance with Local Rule 16(c), as the rule states, its purpose is simply notice to the court and any remaining parties; it has no bearing on the enforceability of the settlement.

## III.

Because the district judge did not abuse his discretion in denying Cavalier's motion for rehearing, the judgment of the district court is AFFIRMED.