**Edith HARROP and Alice Lewis, Plaintiffs-Appellants,**

v.

**WESTERN AIRLINES, INC., Defendant-Appellee.**

No. 76–2115.

United States Court of Appeals, Ninth Circuit.

Jan. 31, 1977.

---

Estelle L. LeVine of Cole & Levine, Santa Monica, Cal., for plaintiffs-appellants.

Donald K. Hall of Darling, Hall, Rae & Gute, Los Angeles, Cal., for defendant-appellee.

## OPINION

Before HUFSTEDLER, SNEED and KENNEDY, Circuit Judges.

PER CURIAM:

Edith Harrop and Alice Lewis brought an action against Western Airlines under the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. (1970 & Supp. V 1975). After numerous continuances, the attorneys for the parties informed the district court that the case had been settled and that the only remaining task was to draft settlement papers. The trial court advised counsel that it would enter an order dismissing the action, with the condition that the order could be vacated within sixty days if the terms of the settlement could not be effected. The order dismissing the action with prejudice was entered the following day.[1]

The plaintiffs, however, apparently declined to execute the formal settlement documents presented by their attorney. Three months after entry of the order of dismissal, the plaintiffs moved to substitute attorneys. The court denied the motion on the ground that the action had earlier been dismissed. Thereafter, exactly one year after the order of dismissal had been entered, the plaintiffs filed a motion under Fed.R. Civ.P. 60(b) seeking to set aside the order on the ground that the plaintiffs had not agreed to the settlement and had not authorized their attorney to settle the case or move to dismiss the action. The trial court denied the motion, and the plaintiffs appeal.

If the record had shown that the plaintiffs had agreed to the settlement, or that the attorneys had authority to settle the suit and dismiss the action, the district court would then have acted well within its discretion in denying the motion. The trial court, however, proceeded on the express assumption that if the attorney for the defendants had been advised by opposing counsel that the settlement was satisfactory to the plaintiffs, then the settlement was

---

1. By reason of an apparent clerical inadvertence, the order as entered provided that the dismissal could be vacated within *thirty* days if settlement was not effected.

binding and dismissal of the action was proper.

A settlement agreement may be binding, in some circumstances, even if it is an oral one. Nevertheless, at least under California law, which is arguably applicable here, an attorney has no authority, either actual or implied, to settle an action without the express permission of his client. *Navrides v. Zurich Ins. Co.,* 5 Cal.3d 698, 97 Cal.Rptr. 309, 488 P.2d 637 (1971); *Linsk v. Linsk,* 70 Cal.2d 272, 74 Cal.Rptr. 544, 449 P.2d 760 (1969); *see* ABA Code of Professional Responsibility, Canon 7, Ethical Consideration 7–7. There is no finding in the record before us that the plaintiffs authorized their attorney to settle their case or to consent to a dismissal of the action.

We therefore remand the cause to the district court for further factual inquiry on these questions. In view of the date on which the motion to vacate was filed and the express advice by the trial court to the parties that it would set a sixty-day period in which the action might be reopened, it would also be proper for the district court, in its discretion, to consider whether the motion to reopen was "made within a reasonable time." Fed.R.Civ.P. 60(b).

REMANDED.