**COLT INDUSTRIES OPERATING CORPORATION, Appellee,**

v.

**INDEX–WERKE K.G., Hahn & Tessky, Appellant.**

**Appeal No. 84–1325.**

United States Court of Appeals, Federal Circuit.

July 13, 1984.

Theodore W. Anderson, Chicago, Ill., for appellant. With Arthur A. Olson, Jr., Chicago, Ill., and Todd P. Blakely, of counsel.

John M. Calimafde, New York City, for appellee.

Before MARKEY, Chief Judge, and FRIEDMAN and RICH, Circuit Judges.

**ORDER**

Colt Industries has filed a motion under FRAP 27 to dismiss the appeal and for attorney fees under FRAP 38 asserting that the appeal is a sham and frivolous and that this court lacks jurisdiction. Index-Werke has responded with a 22-page memorandum and 11 exhibits.

■ The dispute revolves about and requires interpretation of a judgment entered by the U.S. Court of Appeals for the District of Columbia Circuit on January 4, 1984, which stated:

> [I]t is Ordered and Adjudged by this Court that, for the reasons set forth in the supplemental findings of fact and conclusions of law filed herein by the District Court on August 17, 1982, the judgment of the District Court appealed from in this cause shall be and hereby is affirmed.

The difficulty arises out of an unusual series of events:

1. The district court entered a judgment that the involved patent was valid and infringed.

2. That judgment was appealed to the Court of Appeals for the District of Columbia.

3. On September 30, 1981, 670 F.2d 1234, the Court of Appeals for the District of Columbia remanded the record to the district court, requiring entry of supplemental findings of fact and conclusions of law and inviting a recommended disposition.

4. On August 17, 1982, the district court filed the required supplemental findings of fact and conclusions of law, determining that the patent was invalid and recommending that its earlier-entered judgment "should be vacated and judgment should be entered in favor of Colt on all claims".

5. On January 4, 1984, the Court of Appeals for the District of Columbia entered the judgment quoted from above.

6. On February 13, 1984, Index-Werke moved the district court to set a schedule for an accounting on the ground that the January 4, 1984 judgment of the Court of Appeals for the District of Columbia affirmed the district court's original judgment.

7. On May 9, 1984, the district court denied the motion to schedule an accounting.

8. On June 7, 1984, Index-Werke filed a notice of appeal in this court alleging that the district court had misconstrued the January 4, 1984 judgment of the Court of Appeals for the District of Columbia.

Index-Werke insists that the January 4, 1984 judgment of the Court of Appeals for the District of Columbia must be interpreted as affirming the district court's original judgment because no other judgment was entered or "appealed from". In so arguing, Index-Werke would have us disregard "for the reasons set forth in the supplemental findings of fact and conclusions of law filed herein by the district court on August 17, 1982", appearing in the January 4, 1984 judgment of the Court of Appeals for the District of Columbia.

Index-Werke's quarrel is with an ambiguity it perceives in the January 4, 1984 judgment of the U.S. Court of Appeals for the District of Columbia. Whether that court should have ordered that the original judgment be vacated and a new judgment entered, or otherwise acted to clarify the ambiguity which Index-Werke finds in its January 4, 1984 judgment, is not for this court to determine. It would be inappropriate for this court to review, interpret, or otherwise act with respect to the January 4, 1984 judgment of our sister Circuit.

For the reasons cited the appeal must be dismissed. Index-Werke, if it chooses to pursue the matter further, may elect to appeal to the Court of Appeals for the District of Columbia the denial of its motion to schedule an accounting. If timeliness of such an appeal is a factor, the present action may be viewed as authorizing a transfer of this appeal to the Court of Appeals for the District of Columbia. We will not here burden that court by an order of transfer.

■ Index-Werke's filing of a notice of appeal to this court, in place of seeking a clarifying interpretation of the January 4, 1984 judgment from the court that issued that judgment, represents a form of procedural and semantic gamesmanship abusive of the judicial process and wasteful of re-

sources of the parties and the court. Accordingly,

IT IS HEREBY ORDERED:

(1) The motion is granted and this appeal No. 84–1325 is dismissed.

(2) Index-Werke and its counsel shall be jointly and severally liable to Colt-Industries for the attorney fees incurred by the latter in the preparation of the present motion to dismiss. *See Asberry v. United States Postal Service,* 692 F.2d 1378, 1382, 215 USPQ 921 (Fed.Cir. 1982).