The D.L. AULD COMPANY, Appellant,

v.

CHROMA GRAPHICS CORP., Appellee,

and

The United States, Intervenor.

Appeal No. 84–1381.

United States Court of Appeals, Federal Circuit.

Jan. 28, 1985.

John O. Henry, Porter, Wright, Morris & Arthur, Dayton, Ohio, argued for appellant. With him on brief was Michael R. Schmidt, Porter, Wright, Morris & Arthur, Cincinnati, Ohio, and Thomas S. Scott, Jr., Arnett, Draper & Hagood, Knoxville, Tenn., of counsel.

Andrew S. Neely, Luedeka & Neely, P.C., Knoxville, Tenn., argued for appellee. With him on brief was Edwin M. Luedeka, Knoxville, Tenn.

Harold J. Krent, Dept. of Justice, Washington, D.C., argued for intervenor. With him on brief were Richard K. Willard, Acting Asst. Atty. Gen., William Kanter and Peter R. Maier, Washington, D.C.

Before FRIEDMAN, BALDWIN and BISSELL, Circuit Judges.

FRIEDMAN, Circuit Judge.

This is an appeal from an order of the United States District Court for the Eastern District of Tennessee, entered by a United States magistrate, denying the appellant's motion under Rule 60(b) of the Federal Rules of Civil Procedure for relief from a judgment granting summary judgment in favor of the appellee. The Rule 60(b) motion contended that the provisions of the Federal Magistrates Act of 1979 authorizing a magistrate, when designated to do so by the district court he serves and with the consent of the parties, to conduct all proceedings in any civil case, 28 U.S.C. § 636(c) (1982), are unconstitutional. It also argued that the judgment was defective because no oral argument had been held before the magistrate granted summary judgment. The magistrate rejected both

contentions. We affirm and also award the appellee the attorney's fees it incurred in handling this appeal.

## I

In October 1981, the appellant D.L. Auld Company (Auld) instituted this patent infringement suit against the appellee Chroma Graphics Corp. (Chroma). In September 1982, both parties in writing "waive[d] their rights to proceed before a judge of the United States District Court and consent[ed] to have a United States Magistrate conduct any and all further proceedings in the case, including trial, and order the entry of a final judgment." The following month the magistrate granted summary judgment for Chroma, holding that the patent was invalid under 35 U.S.C. § 102(b) because the patented invention had been on sale in the United States more than one year before the patent application was filed.

In August 1983, this court affirmed the magistrate's grant of summary judgment. *D.L. Auld Co. v. Chroma Graphics Corp.* 714 F.2d 1144, 219 USPQ 13. In a lengthy opinion the court fully considered and rejected all of Auld's contentions, including its argument that the failure of the magistrate to comply with a local court rule requiring an oral hearing on motions determinative of the merits of a case required reversal of the judgment.

Six months later, in February 1984, Auld filed in the district court a motion for relief from judgment pursuant to Rule 60(b). It argued that

> the procedure by which the Magistrate entered a dispositive order, without de novo consideration by the district judge, pursuant to the provisions of 28 U.S.C. § 636(c)(1) and (c)(3) is an unconstitutional exercise of jurisdiction contrary to Article III of the United States Constitution. Furthermore, the Magistrate's failure to observe Local Rule 12 and permit oral argument on defendant's Motion for Summary Judgment deprived movant of its right to be heard and raises a serious

question whether due process was ignored.

Because the constitutionality of a federal statute was drawn in question, the United States intervened pursuant to 28 U.S.C. § 2403 (1982), and has participated in this appeal.

In a short memorandum the magistrate rejected both of these contentions and denied relief from the judgment. Auld appealed to the Court of Appeals for the Sixth Circuit. That court transferred the case to this court on the ground that "a Rule 60(b) motion is a continuation of the original action" and that this court "has exclusive appellate jurisdiction over the instant appeal." The parties do not challenge that ruling, and we agree that we have jurisdiction.

## II

Eight circuit courts of appeals, including two *in banc*, have now upheld the constitutionality of the consensual reference procedures of the Federal Magistrates Act of 1979, and the Supreme Court three times has declined to review those rulings. *Fields v. WMATA*, 743 F.2d 890 (D.C.Cir. 1984); *Goldstein v. Kelleher*, 728 F.2d 32 (1st Cir.1984), *cert. denied*, — U.S. —, 105 S.Ct. 172, 83 L.Ed.2d 107 (1984); *Collins v. Foreman*, 729 F.2d 108 (2d Cir. 1984), *cert. denied*, — U.S. —, 105 S.Ct. 218, 83 L.Ed.2d 148 (1984); *Puryear v. Ede's Ltd.*, 731 F.2d 1153 (5th Cir.1984); *Geras v. Lafayette Display Fixtures, Inc.*, 742 F.2d 1037 (7th Cir.1984); *Lehman Brothers Kuhn Loeb, Inc. v. Clark Oil & Refining Corp.*, 739 F.2d 1313 (8th Cir. 1984) (*in banc*), *petition for cert. filed*, 53 U.S.L.W. 3291 (U.S. Sept. 29, 1984) (No. 84–519); *Pacemaker Diagnostic Clinic, Inc. v. Instromedix, Inc.*, 725 F.2d 537 (9th Cir.1984) (*in banc*), *rev'g* 712 F.2d 1305, 220 USPQ 502 (9th Cir.1983), *cert. denied*, — U.S. —, 105 S.Ct. 100, 83 L.Ed.2d 45 (1984) (patent infringement suit); and *Wharton-Thomas v. United States*, 721 F.2d 922 (3d Cir.1983).

Auld has offered no convincing ground to reject those decisions, and we cannot

discern any. Although the Sixth Circuit, in which this case arose, has not decided the question, there is no reason to believe that it would disagree with the eight circuits that have upheld the statute.

In view of the extensive and convincing analysis of the constitutional question in those opinions, it is unnecessary to discuss the issues at any length. Auld relies largely upon the panel decision of the Ninth Circuit in *Pacemaker Diagnostic Clinic* which, as Auld recognizes, that court reversed in its *in banc* decision. It is hardly necessary to point out that an overruled decision neither states the law nor is an appropriate source for determining it.

Under the Magistrates Act the district court appoints the magistrates, authorizes them to conduct civil proceedings, and authorizes each particular reference which, as noted, may be made only with the consent of the parties. The district court may revoke a reference, and only it may punish contempts committed before a magistrate. The magistrate's decision may be appealed to the court of appeals or, by advance agreement of the parties, to the district court. 28 U.S.C. § 636(c).

The arguments sustaining the constitutionality of these provisions are well summarized in the following statement in *Goldstein v. Kelleher*, 728 F.2d at 36, with which we agree:

> [T]he Article III interests of both the litigants and the judiciary are adequately protected under section 636(c)(3).... The litigants' interests are safeguarded by the consensual nature of the reference; the institutional interests of the judiciary are secured by the district court's control over both the references and appointments, and by the availability of appeal to an Article III court.

## III

■ A. Auld argues that the failure of the magistrate to grant its request for an oral hearing before he entered summary judgment required grant of its Rule 60(b) motion because such failure invalidated the summary judgment. That question was fully litigated and considered in the prior appeal in this case. Our opinion there discussed the point at some length and fully explained why the failure provided no basis for reversal of the summary judgment. 714 F.2d at 1151–52, 219 USPQ at 19.

That prior decision was the law of the case. *Gindes v. United States*, 740 F.2d 947 (Fed.Cir.), *cert. denied*, — U.S. —, 105 S.Ct. 569, 83 L.Ed.2d 509 (1984). Auld does not ever refer to that principle and makes no attempt to bring this case within the only possible exception to it, namely, that "the prior decision 'was clearly erroneous and would work a manifest injustice.'" *Gindes*, 740 F.2d at 950.

■ B. Auld also argues that in consenting to the reference to the magistrate it agreed to a reference only for trial but not for disposition by summary judgment. Since Auld did not raise this point in its Rule 60(b) motion, the issue is not properly before us. Moreover, Auld offers no reason why it did not make the argument in its prior appeal.

■ Finally, the contention is frivolous. Auld consented to have the magistrate "conduct any and all *further proceedings* in this case, including trial, and order the entry of a final judgment." The specific reference to "trial" was designed to show the breadth of the magistrate's authority, not to limit his power. The summary judgment the magistrate entered was part of the "further proceedings in this case" he was empowered to conduct and was "a final judgment" he was authorized to enter.

## IV

■ Section 285 of Title 35, U.S.C. (1982), provides: "The court in exceptional cases may award reasonable attorney fees to the prevailing party." This provision authorizes us to award to the prevailing party before this court its attorney's fees incurred in its successful handling of an appeal. *See Shelcore, Inc. v. Durham Industries, Inc.*, 745 F.2d 621, 629–30, 223 USPQ 584, 591 (Fed.Cir.1984); *Rohm &*

*Haas Co. v. Crystal Chemical Co.,* 736 F.2d 688, 222 USPQ 97, 100 (Fed.Cir.), *cert. denied,* —— U.S. ——, 105 S.Ct. 172, 83 L.Ed.2d 107 (1984).

■ This is an exceptional case in which an award of attorney fees to the appellee is warranted.

When Auld filed its opening brief in this court on August 27, 1984, seven circuits already had upheld the constitutionality of the provision Auld challenges. These included the *in banc* decision of the Ninth Circuit in *Pacemaker Diagnostic Clinic,* which overruled the panel decision upon which Auld heavily relied. Those opinions were rendered 4 days (*Geras*), 37 days (*Lehman Bros.*), almost 4 months (*Puryear*), approximately 6 months (*Goldstein, Collins,* and *Pacemaker Diagnostic Clinic*), and 21 months (*Wharton-Thomas*) before Auld filed its brief. Auld either was or should have been aware of at least six of them.

Auld contended that *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.,* 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), which held unconstitutional provisions of the Bankruptcy Act of 1978 that authorized bankruptcy judges to perform certain functions of Article III judges, invalidated § 636(c) of the Magistrates Act. The courts of appeals that upheld the constitutionality of § 636(c) also had considered but rejected the argument based upon *Northern Pipeline.*

In short, when Auld filed its opening brief it had no reasonable basis for believing that its constitutional argument had any likelihood of prevailing before this court.

Auld's contention based upon the magistrate's failure to hold an oral hearing before granting summary judgment had been rejected in the prior appeal. Auld showed no awareness that that decision was the law of the case and made no attempt to show that this case was within one of the narrow exceptions to that doctrine.

Finally, Auld's argument that it did not consent to a reference to the magistrate to decide the case on summary judgment was not even presented in Auld's Rule 60(b) motion and, in any event, was frivolous.

In sum, Auld's pursuance of this appeal was, as was the appeal in *Colt Industries Operating Corporation v. Index-Werke K.G.,* 739 F.2d 622, 623 (Fed.Cir.1984), "abusive of the judicial process."

In the prior appeal, Auld fully litigated but lost the argument that summary judgment holding its patent invalid was improper. Instead of accepting that decision or seeking further review in the Supreme Court, Auld attempted to escape that decision by seeking to reopen the judgment of the district court on what turned out to be insubstantial grounds. When that effort failed, Auld persisted in pursuing an appeal that had no chance of success. In the circumstances the appellee is entitled to recover from Auld the attorney's fees it incurred in its successful defense against the appeal.

CONCLUSION

The order of the district court entered by the United States magistrate denying Auld's Rule 60(b) motion is affirmed. Auld shall reimburse the appellee Chroma for the attorney's fees the latter incurred in handling this appeal.

AFFIRMED.