Lorene **MARKS–FOREMAN**, Plaintiff,

v.

**REPORTER PUBLISHING COMPANY; State Compensation Insurance Fund; Eucce and Associates; James Buzan; and Beatrice Hines, Defendants.**

No. 97–CIV–0675–B (RBB).

United States District Court,
S.D. California.

July 10, 1998.

Lorene Marks–Foreman, San Diego, CA, in pro per.

Betty R. Quarles, Monterey Park, CA, for defendants.

## ORDER DENYING PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AGREEMENT

BREWSTER, District Judge.

### I. Introduction

#### A. Background

Lorene Marks–Foreman ("Plaintiff"), proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. The First Amended Complaint ("FAC")[1] alleged that

---

**1.** On November 21, 1997, when the parties made the settlement agreement that is the subject of this motion, the FAC was the operative complaint. On February 20, 1998, the Court dismissed Plaintiff's claims against Eucce, Buzan and RPC because they were not state actors.

State Compensation Insurance Fund ("SCIF") and Reporter Publishing Company ("RPC") violated Plaintiff's constitutional rights by refusing workers' compensation payments to her for injuries sustained in an attack by an unknown assailant during the course of Plaintiff's employment as a reporter with RPC. The FAC also alleged that Defendant Beatrice Hines ("Hines"), an employee of SCIF, violated Plaintiff's constitutional rights by employing "bullying tactics" while questioning her about her claim. SCIF is a public enterprise fund established by the State of California for the purpose of transacting workers' compensation insurance. *See* CAL. INS. CODE § 11773. Plaintiff further alleged that the investigative techniques used by Eucce and Associates ("Eucce") and James Buzan ("Buzan"), working under a contract with SCIF, violated her constitutional rights. Defendant Eucce is a private company that employs Defendant Buzan as a private investigator. In addition, the FAC contained supplemental state law claims against Eucce and Buzan for trespass and infliction of emotional distress. The FAC did not contain any claims relating to Plaintiff's on-the-job injuries. Federal jurisdiction was predicated solely on Defendants' alleged unconstitutional conduct with regard to Plaintiff's workers' compensation claim.

On November 21, 1997, Plaintiff met with all Defendants before Magistrate Judge Brooks at the Early Neutral Evaluation Conference ("ENE") conducted pursuant to this Court's Local Rules. A Settlement Agreement ("Agreement") was placed on the record at this conference. The terms of the Agreement were recited on the record, and the transcript of the hearing demonstrates that the Defendants' counsel and the Plaintiff explicitly agreed to these terms. The Agreement provided that Plaintiff would dismiss her complaint against Hines, SCIF, Buzan, and Eucce in exchange for (1) $1,500; (2) an apology from Hines; (3) an agreement that Hines would no longer work on Plaintiff's workers' compensation claims; and (4) a declaration from Buzan and Eucce to assure

Plaintiff that no further surveillance would be conducted.

On or about December 16, 1997, Defendant's attorney received a copy of an "Addendum to Settlement Agreement" ("Addendum") drafted by Plaintiff. In this document, Plaintiff stated that at the time of the ENE, her understanding and intent was not to dismiss SCIF from the complaint and that she understood that SCIF would remain a defendant in the case. Plaintiff again expressed that she did not intend to dismiss SCIF from the action on December 22, 1997, at the Settlement Disposition Conference before Magistrate Judge Brooks.

On March 10, 1998, Plaintiff subsequently filed a motion for an order to enforce the Agreement, including her Addendum. On March 31, 1998, Plaintiff filed an ex parte application for the Court to set aside its dismissal order and to enforce the Agreement. Upon due consideration of the moving and responding papers and for the reasons given below, the Court hereby DENIES Plaintiff's motion and ex parte application.

## B. Factual Findings

The following individuals appeared at the ENE: Anton C. Gershler, Esq., attorney for Eucce and Buzan; Betty Quarles, Esq. ("Quarles"), attorney for Hines and SCIF; Margaret Quarterman ("Quarterman"), the risk manager for SCIF; Jerry Eucce; James Buzan; Lorene Marks–Foreman; and Robert R. Blasi, a friend of Plaintiff.

The transcript of the ENE before the Magistrate · Judge on November 21, 1997, recorded the original settlement agreement as pertained to SCIF:

> MS. QUARLES: ... [I]n consideration for the sum of $1,500 and an apology from Beatrice Heinz [sic] for any conduct which was taken to offend Ms. Foreman, Ms. Foreman agrees to dismiss the complaint and the first amended complaint *against*

The Court also dismissed Plaintiff's claims against Hines and SCIF for Plaintiff's failure to allege sufficient facts to establish a violation of a cognizable constitutional right. The Court granted Plaintiff leave to amend her complaint if she

could correct these deficiencies. Plaintiff subsequently filed a Second Amended Complaint ("SAC"), adding new defendants and causes of action. The SAC is not relevant for purposes of the instant motion.

*State Compensation Insurance Fund* and Defendant Beatrice Heinz [sic].

(emphasis added).

When questioned about the terms of the agreement, Plaintiff stated that she accepted the terms:

THE COURT: Ms. Marks–Foreman, have you heard the terms that were stated so far by the attorneys and myself?

MS. MARKS–FOREMAN: Yes, sir, I have.

THE COURT: Do you accept those terms?

MS. MARKS–FOREMAN: I accept those terms, sir.

Subsequently, on or about December 16, 1997, Plaintiff indicated though her Addendum that the Agreement was not her understanding, as she did not wish to dismiss SCIF from the action. In paragraph four of her Addendum, Plaintiff wrote:

(a) California State Compensation Insurance Fund for Negligence remains in THIS ACTION. The November 21, 1997 Mandatory Early Neutral Evaluation Conference was NOT addressed. The State of California failed to ANSWER the complaint for it's [sic] Negligence against plaintiff, THEREFORE,

(b) the state legal counsel answered for Beatrice Hines, "DEFENDANT" ONLY for her Conduct in the matter of 97 CV 0675 B, whereby, leaving the State of California within the ACTION.

(c) Due to the failure of the California State Compansation [sic] Insurance Fund's failure to answer for their acts of Constitutional Violations against plaintiff. The amended complaint shall encompass all relevant facts, issues, and all other known and unknown facts within the amended moving pleadings on or before April 20, 1998.

(emphasis in original).

## II. Analysis

### A. Standard of Law

■ Under federal law, the Court has inherent authority to enforce a settlement agreement in an action pending before it. *See In re City Equities Anaheim, Ltd.,* 22 F.3d 954, 957 (9th Cir.1994); *Callie v. Near,* 829 F.2d 888, 890 (9th Cir.1987); *TNT Mar-*

*keting, Inc. v. Agresti,* 796 F.2d 276, 278 (9th Cir.1986). To be enforced, a settlement agreement must meet two requirements. First, it must be a complete agreement. *See Maynard v. City of San Jose,* 37 F.3d 1396, 1401 (9th Cir.1994); *Callie,* 829 F.2d at 890 (citing *Ozyagcilar v. Davis,* 701 F.2d 306, 308 (4th Cir.1983)). Second, both parties must have either agreed to the terms of the settlement or authorized their respective counsel to settle the dispute. *See Harrop v. Western Airlines, Inc.,* 550 F.2d 1143, 1144–45 (9th Cir.1977). A party's attorney may enter into a settlement agreement if he or she has the express permission of his or her client. *Id.* at 1145.

### B. Plaintiff's Motion to Enforce Settlement Agreement

■ Although it is true that "[w]here material facts concerning the existence or terms of an agreement to settle are in dispute, the parties must be allowed an evidentiary hearing," *Callie,* 829 F.2d at 890, no hearing is necessary here because the terms set forth at the ENE are unambiguous, leaving no material facts in dispute.

#### 1. Plaintiff will be protected from her mistaken acceptance

■ Plaintiff's motion is to enforce the Agreement. However, she has specifically indicated that the Agreement of November 21, 1997, was not her understanding. The Agreement provided that Plaintiff would dismiss her complaint against all defendants, including SCIF, while the Addendum stated that she did not intend to dismiss the complaint against SCIF. Generally, a mistake as to terms of a settlement must be mutual to invalidate an agreement. *See U.S. v. Kuhl,* 816 F.Supp. 623, 628 (S.D.Cal.1993). Here, Defendants understood that Plaintiff's complaint against all Defendants, including SCIF, would be dismissed; therefore, there was no mutual mistake.

■ However, the Court has a duty to protect pro se litigants, as they are unskilled in legal matters and prone to errors. *See Karim–Panahi v. Los Angeles Police Dept.,* 839 F.2d 621, 623 (9th Cir.1988). While the transcript from the ENE evidences that

Plaintiff did personally accept the terms of the Agreement at the ENE, the Addendum demonstrates that she later claimed to misunderstand what was clearly stated in the Agreement. The Court must focus on whether the pro se litigant knowingly accepted the Agreement. *See U.S. v. Balough,* 820 F.2d 1485, 1487–88 (9th Cir.1987). As Plaintiff is representing herself without legal training against attorneys who have the advantage of familiarity with the law, this Court will give her the benefit of the doubt and will not bind Plaintiff to her alleged mistake.

**2. The Addendum invalidated the Agreement**

Plaintiff refers to her Addendum as a "minor insert." Plaintiff appears to argue that the court should enforce the Agreement as modified by her Addendum. However, the Defendants never agreed to the Addendum. Plaintiff claims she did not accept the Agreement at the ENE; if so, the agreement was an unaccepted offer. An acceptance that modifies the terms of an outstanding offer constitutes a counteroffer, which terminates the original offer. *See Collins v. Thompson,* 679 F.2d 168, 171 (9th Cir.1982); *In re Pago Pago Aircrash,* 637 F.2d 704, 706 (9th Cir. 1981). There is no contract unless the counteroffer is accepted. *See In re Pago Pago,* 637 F.2d at 706. Here, there was never an acceptance by Defendants of Plaintiff's counteroffer. Because this Court holds that Plaintiff's counteroffer "invalidated" the original offer, there is no settlement agreement for the Court to enforce.

**3. SCIF was represented at the ENE**

Plaintiff states in the Addendum that SCIF was not represented at the ENE and thus could not have consented to the Agreement. While SCIF had not yet been served at the time of the ENE, SCIF voluntarily entered its appearance and was represented by both Quarterman and Quarles. Any party wishing to appear before another judge or magistrate judge for a settlement conference may do so. *See Apple Computer Inc. v. Microsoft Corporation,* No. C–88–20149–VRW, 1993 WL 207982, at *3 (N.D.Cal. April 14, 1993). A party can authorize its counsel to settle a dispute on its behalf. *See Harrop,* 550 F.2d at 1144–45. Quarles stated on the record at the ENE that she was representing both Hines and SCIF. Furthermore, Quarterman, the risk manager for SCIF, attended the ENE on behalf of SCIF. Quarterman stated on the record that she was authorized to enter into a settlement on behalf of SCIF and did accept the terms of the Agreement for SCIF. Therefore, Plaintiff's argument that SCIF was not a participant in the Agreement fails.

**III. Conclusion**

Plaintiff's motion for an order to enforce settlement agreement is DENIED. The Agreement is an incomplete settlement agreement and is therefore unenforceable. Furthermore, Plaintiff's counteroffer rendered the Agreement void. For the same reasons, Plaintiff's ex parte application is also DENIED.

IT IS SO ORDERED.