**Jihad Anthony ZOGHEIB, Plaintiff–Appellant,**

**U.S. Bancorp, Inc., a foreign banking corporation, doing business as U.S. Bank, Defendant–Appellee,**

v.

**COAST HOTELS & CASINOS, INC., a Nevada corporation doing business as Barbary Coast Hotel & Casino, Defendant–Appellee.**

**No. 07–16683.**

United States Court of Appeals, Ninth Circuit.

Submitted May 6, 2009.*

Filed May 21, 2009.

Tyttan M. Sirotock, Henderson, NV, for Plaintiff–Appellant.

Jihad Anthony Zogheib, Las Vegas, NV, pro se.

* The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Denise Barton, Akke Levin, Morris, Pickering & Peterson, Las Vegas, NV, for Defendant–Appellee U.S. Bancorp, Inc.

Before: HUG, HAWKINS and TALLMAN, Circuit Judges.

## MEMORANDUM **

Jihad Anthony Zogheib appeals from a district court order denying his motion to set aside a stipulated dismissal of his case under Federal Rule of Civil Procedure 60(b). Zogheib concedes that the named parties are diverse, but contends that the citizenship of fictitious defendants destroyed diversity and deprived the district court of jurisdiction. But Zogheib never sought to substitute named defendants for those sued under fictitious names, and the citizenship of these fictitious defendants has "no jurisdictional significance." *See Soliman v. Philip Morris Inc.*, 311 F.3d 966, 971 (9th Cir.2002). The district court did not clearly err in finding that Zogheib's attorney had authority to enter the dismissal and it did not abuse its discretion in denying the Rule 60(b) motion.[1] *Cf. Surety Ins. Co. of Cal. v. Williams*, 729 F.2d 581, 583 (8th Cir.1984); *Harrop v. W. Airlines, Inc.*, 550 F.2d 1143, 1145 (9th Cir.1977). Zogheib argues that the court erred by considering his attorney's authority to enter the dismissal instead of whether there was mutual intent to dismiss. The fact that both parties' attorneys

signed the stipulation was evidence of mutual intent to dismiss. *Cf. Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir.1986).

AFFIRMED.

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

1. We grant appellee's unopposed motion to strike the portions of the reply brief and appellant's supplemental excerpts of record presenting new and irrelevant arguments, but deny the motion for monetary sanctions. *See*

Fed R.App. P. 28(c), 30; Circuit R. 28–1(a), 30–1.8, 30–2; *United States v. W.R. Grace*, 504 F.3d 745, 766 (9th Cir.2007).

