**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 29 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PAUL FIX; GERALDINE FIX, DBA All Seasons Energy, DBA Geraldine Fix Trust, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> UNION PACIFIC RAILROAD COMPANY, <br><br> Defendant-Appellee. | No.   15-15827 <br><br> D.C. No. 2:13-cv-00083-FJM <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Frederick J. Martone, District Judge, Presiding

Argued and Submitted March 16, 2017
San Francisco, California

Before:  TALLMAN and WATFORD, Circuit Judges, and GUIROLA,[**] Chief District Judge.

Appellants Paul and Geraldine Fix and the Geraldine Fix Trust, also known

as the Murphy Family Trust, appeal the district court's order denying their Federal

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Louis Guirola, Jr., Chief United States District Judge for the Southern District of Mississippi, sitting by designation.

Rule of Civil Procedure 60(b) motion to set aside a previous stipulated order of dismissal with prejudice of their diversity action against Union Pacific Railroad Company after the parties notified the court shortly before trial that they had settled the case. Appellants brought the underlying action in January 2013, alleging that they had established a prescriptive easement to use a private railroad crossing to access their real property in Maricopa County. The jury trial was scheduled to begin in May 2014, but counsel for both parties agreed to material terms of a settlement agreement five days before trial. To effectuate the settlement, counsel jointly stipulated to dismiss the case with prejudice, and the district court entered the requested order on May 16, 2014. The parties continued to try to resolve the details in a written settlement agreement but, ultimately, the Fixes fired their trial lawyer and hired new counsel. More than five months later, they filed their Rule 60(b) motion. That motion was denied on March 30, 2015. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

First, Union Pacific did not conceal material terms and conditions during settlement discussions and, therefore, did not obtain the stipulated dismissal with prejudice through fraud, misrepresentation, or misconduct. Fed. R. Civ. P. 60(b)(3). Counsel for both parties agreed to a number of key terms in the email exchange before trial, and Union Pacific attached a copy of its standard Private Road Crossing Agreement to those emails, requesting incorporation of its

2

provisions in the formal settlement agreement. Although the private crossing agreement served only as a template for the settlement, and would ultimately be revised to reflect the terms agreed upon at the conclusion of the email exchange, it included the various terms and conditions the Fixes now claim are unreasonable. Thus, there is no evidence that Union Pacific omitted any material terms during pre-trial settlement negotiations to warrant relief under Rule 60(b)(3). *See Jones v. Aero/Chem Corp.*, 921 F.2d 875, 878–79 (9th Cir. 1990).

Second, the district court correctly concluded that the Fixes' former counsel was not grossly negligent in agreeing to the stipulated dismissal before the settlement was formally memorialized. Fed. R. Civ. P. 60(b)(6); *Cmty. Dental Servs. v. Tani*, 282 F.3d 1164, 1168–69 (9th Cir. 2002). Counsel surely should have finalized all settlement documents before signing the Joint Stipulation for Dismissal with Prejudice, but his failure to do so does not rise to the level of gross negligence. The Fixes also assert, as a basis for relief under Rule 60(b)(6), that their former counsel lacked the authority to negotiate and convey their agreement to the final settlement terms. While this contention could in some circumstances provide a basis for relief, *see Harrop v. W. Airlines, Inc.*, 550 F.2d 1143 (9th Cir. 1977) (per curiam), the district court properly concluded that it does not provide a basis for relief here. The Fixes' conduct after learning of the settlement indicates that they had no objection to their former counsel's act of settling the case on their

3

behalf, so long as the settlement provided for a permanent crossing. Their real complaint is that their former counsel dismissed the action with prejudice before securing a finalized settlement containing that term. As we have said, however, that conduct does not amount to gross negligence or "virtual abandon[ment]" as required by Rule 60(b)(6). *See Tani*, 282 F.3d at 1170.

Finally, because the parties had agreed to the material terms of a settlement agreement at the time of the joint stipulation, it was well within the district court's discretion to rely on the parties' mutual representation that a settlement had been reached on all claims and asking the court to dismiss the case. *Latshaw v. Trainer Wortham & Co.*, 452 F.3d 1097, 1100 (9th Cir. 2006). The district court's order denying Rule 60(b) relief sought nine months later was not an abuse of discretion and is therefore

**AFFIRMED.**

Each party shall bear its own costs.