NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**QIANG WANG,**

*Plaintiff-Appellant*

v.

**PALO ALTO NETWORKS, INC., NIR ZUK, FENGMIN GONG,**

*Defendants-Appellees*

---

2017-1420

---

Appeal from the United States District Court for the Northern District of California in No. 3:12-cv-05579-WHA, Judge William H. Alsup.

---

Decided: May 4, 2017

---

QIANG WANG, Palo Alto, CA, pro se.

RYAN M. KENT, Durie Tangri LLP, San Francisco, CA, for defendants-appellees Palo Alto Networks, Inc., Nir Zuk. Also represented by LAURA MILLER.

STEPHEN E. TAYLOR, Taylor & Patchen, LLP, San Francisco, CA, for defendant-appellee Fengmin Gong. Also represented by JONATHAN ALAN PATCHEN.

---

Before NEWMAN, CLEVENGER, and WALLACH, *Circuit Judges.*

PER CURIAM.

Appellant Qiang Wang appeals the district court's denial of his motion to vacate a settlement agreement reached between Mr. Wang and appellees Palo Alto Networks, Inc., Nir Zuk, and Fengmin Gong (collectively, "PAN"). Mr. Wang, now proceeding *pro se*, contends that his former counsel coerced him into signing the settlement agreement against his will and that the agreement is otherwise legally invalid. For the following reasons, we *affirm* the district court's decision.

## BACKGROUND

Mr. Wang brought suit against PAN in the Northern District of California, alleging claims for patent infringement, correction of patent inventorship, and trade secret misappropriation. After the district court entered summary judgment in favor of PAN on Mr. Wang's trade secret claims, the parties engaged in settlement talks, with Magistrate Judge Donna Ryu mediating. Mr. Wang's attorney Paul Vickrey reached a settlement in principle with PAN's counsel, whereby each side would "walk away"—*i.e.*, Mr. Wang would drop his remaining claims and PAN would not seek attorneys' fees.

Although initially opposed to a walk away, Mr. Wang signed a copy of the settlement agreement on April 24, 2014. In his executed copy, Mr. Wang manually crossed out a provision of Paragraph 7, in which he expressly disavowed any inventorship rights in U.S. Patent 8,009,566 ("the '566 patent"), owned by PAN, which had been the subject of Mr. Wang's declaratory judgment claim for correction of inventorship. Mr. Wang left intact the remainder of Paragraph 7, where he agreed not to

bring or participate in any action in the future challenging the inventorship of the '566 patent.

After receiving Mr. Wang's signature page, Mr. Vickery and PAN's counsel substituted a clean version of the settlement agreement, accounting for Mr. Wang's edit, but otherwise maintaining the substance of the final agreement. Mr. Wang's previous signature page was appended to the clean copy, and all other parties similarly executed this final version of the settlement agreement. Consequently, on April 24, 2014, counsel for the parties submitted a joint stipulation to dismiss all claims with prejudice, which the district court promptly granted.

The very same evening of April 24, 2014, Mr. Wang wrote an email letter directly to Magistrate Judge Ryu, asking her to "stop the settlement agreement." Appendix at 047. In his letter, Mr. Wang explained that he was in an "extremely insane state" when he signed the agreement and that his attorney had pressured him to do so. *Id.* On April 25, Mr. Wang contacted Mr. Vickery, notifying him of his letter to Magistrate Judge Ryu and asking if Mr. Vickery would "help [him] cancel this settlement." Appendix at 045. Mr. Vickery responded to Mr. Wang, explaining that the letter to Magistrate Judge Ryu was "false" and that his firm was therefore terminating its representation of Mr. Wang because the firm could not "ethically and in good faith" take Mr. Wang's position. *Id.*

On May 7, 2014, Mr. Wang filed a *pro se* motion with the district court, styled "Motion for Vacating the Settlement." His motion noted his disapproval of the settlement agreement and alleged that Mr. Vickery had relentlessly hounded Mr. Wang to sign the settlement agreement; that Mr. Vickery had threatened Mr. Wang if he refused to sign; that Mr. Wang was "insane" when he signed the agreement; that the final settlement agreement, which did not contain Mr. Wang's physical edits, did not reflect the version that he had actually signed;

and that it was improper to use Mr. Wang's signature page with the revised agreement.

The district court denied Mr. Wang's motion in a short order on May 9, 2014. First, the district court noted that Mr. Vickery was still Mr. Wang's counsel of record, and therefore he was required to file motions via counsel. Second, the district court held: "[Mr. Wang's] counsel settled the case and, on his behalf, dismissed it. No viable ground to set aside the dismissal has been given." Appendix at 001.

Mr. Wang appealed the district court's order to the Ninth Circuit, which, finding it lacked jurisdiction over the matter, transferred the appeal to this court. *Wang v. Palo Alto Networks, Inc.*, No. 14-16092, 2016 WL 7384032 (9th Cir. Dec. 21, 2016). The parties do not challenge the Ninth Circuit's transfer, and we agree that we have jurisdiction under 28 U.S.C. § 1295(a)(1). *See Venture Indus. Corp. v. Autoliv ASP, Inc.*, 457 F.3d 1322, 1327 (Fed. Cir. 2006); *D.L. Auld Co. v. Chroma Graphics Corp.*, 753 F.2d 1029, 1031 (Fed. Cir. 1985).

## DISCUSSION

Following the execution of the settlement agreement, counsel for the parties filed a joint stipulation of dismissal of all claims with prejudice, which "operates as an adjudication on the merits." *See* Fed. R. Civ. P. 41(a)(1). The district court then closed the case. *See Duke Energy Trading & Mktg., L.L.C. v. Davis*, 267 F.3d 1042, 1049 (9th Cir. 2001) ("Once the notice of dismissal has been filed, the district court loses jurisdiction over the dismissed claims and may not address the merits of such claims or issue further orders pertaining to them."). As such, we agree with PAN that Mr. Wang's Motion for Vacating the Settlement Agreement should be viewed most accurately as a motion for relief from a judgment or

order, under Federal Rule of Civil Procedure 60(b).[1] *See In re Hunter*, 66 F.3d 1002, 1004 (9th Cir. 1995); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed . . . ." (internal quotation marks and citation omitted)).

"When reviewing a ruling under Rule 60(b), we generally defer to the law of the regional circuit in which the district court sits," here the Ninth Circuit, "because that rule is procedural in nature and not unique to patent law." *Lazare Kaplan Int'l, Inc. v. Photoscribe Techs., Inc.*, 714 F.3d 1289, 1292 (Fed. Cir. 2013) (footnote omitted). Therefore, we review the district court's denial of Mr. Wang's motion for an abuse of discretion. *See Casey v. Albertson's Inc*, 362 F.3d 1254, 1257 (9th Cir. 2004). "A district court abuses its discretion if it does not apply the correct law or if it rests its decision on a clearly erroneous finding of material fact." *Id.*

Mr. Wang takes issue with the district court's initial statement that his motion should have been filed through counsel, arguing that he was proceeding *pro se* because his attorneys had by that time withdrawn their representation. Based on the documents the parties provided, we accept Mr. Wang's averment. Yet the district court did not rest its order denying Mr. Wang's motion on his

---

[1]   Rule 60(b), in relevant part, states:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; . . . (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

failure to properly file; rather, it based its denial on the finding that "[n]o viable ground to set aside the dismissal has been given." Appendix at 001. Under governing law, we agree that Mr. Wang has not provided any evidence or argument demonstrating that relief from the voluntary dismissal is warranted, and therefore we see no abuse of discretion in the district court's denial of his motion.

Mr. Wang places much of the blame on his attorney, alleging that Mr. Vickery harassed, misled, and threatened him until Mr. Wang broke down and unwillingly signed the settlement agreement, which resulted in the stipulated dismissal. Without wading into the details that involve Mr. Wang and Mr. Vickery's attorney-client relationship, we find that Mr. Wang's allegations, taken as true, still cannot revive his case.

To the extent that Mr. Wang is arguing that his signing of the settlement agreement was "mistake, inadvertence, surprise, or excusable neglect," Fed. R. Civ. P. 60(b)(1), the Ninth Circuit's decision in *Latshaw v. Trainer Wortham & Co.* is on point, if not directly dispositive. 452 F.3d 1097 (9th Cir. 2006). There, the plaintiff tried to rescind her acceptance of a Rule 68 offer of judgment— effectively a settlement—on the grounds that her attorney gave her bad and misleading advice. *Id.* at 1099–1100. The Ninth Circuit held that "Rule 60(b)(1) is not intended to remedy the effects of a litigation decision that a party later comes to regret through subsequently-gained knowledge that corrects the erroneous legal advice of counsel." *Id.* at 1101. The court continued:

> [P]arties should be bound by and accountable for the deliberate actions of themselves and their chosen counsel. This includes not only an innocent, albeit careless or negligent, attorney mistake, but also intentional attorney misconduct. Such mistakes are more appropriately addressed through malpractice claims. . . . A party will not be re-

> leased from a poor litigation decision made because of inaccurate information or advice, even if provided by an attorney.

*Id.* at 1101–02. Mr. Wang signed off on the settlement agreement, leading his attorney to file a joint stipulation of dismissal on his behalf. Although he claims he was temporarily insane when signed the agreement, there is no evidence to suggest that he did not understand the provisions of the walk-away settlement or that it would resolve the litigation. Therefore, even if Mr. Wang believes that Mr. Vickery browbeat him into signing off, Rule 60(b)(1) does not provide recourse, and the district court did not abuse its discretion in denying relief. *See id.* at 1102 ("Latshaw understood the unambiguous settlement terms . . . when signing the offer of judgment. The district court did not abuse its discretion in denying Latshaw relief under Rule 60(b)(1).").

Nor can Mr. Wang prevail under any other provision of Rule 60(b). Rule 60(b)(3) permits relief from a final judgment in the event of "fraud . . . , misrepresentation, or other misconduct *of an adverse party*." (emphasis added). Mr. Wang has not made any accusations of misconduct against PAN, the adverse party, as required by the Rule. *See Latshaw*, 452 F.3d at 1102 (denying relief for plaintiff under Rule 60(b)(3) where "the defendants were innocent bystanders"). And we see no basis to apply Rule 60(b)(6), the catch-all provision covering "any other reason that justifies relief," which "is used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Id.* at 1103 (internal quotation marks omitted).

Mr. Wang also seems to contend that Mr. Vickery had no authority to file the voluntary dismissal because of defects in the settlement agreement that rendered it

invalid. If the record contained no indication that Mr. Wang desired to settle, perhaps there would be grounds to set aside the voluntary dismissal. *See Harrop v. W. Airlines, Inc.*, 550 F.2d 1143, 1144–45 (9th Cir. 1977). The facts presented here, however, show that Mr. Wang agreed to and signed the settlement agreement that is substantively identical to the ultimate version executed by the other parties. Mr. Wang's alleged defects in the agreement—*e.g.*, that he did not include an effective date; that multiple signature pages with different parties' signatures were "synthesized" in the final agreement; that the clean Paragraph 7 did not match up verbatim with his physically edited version—do not show that the district court abused its discretion in denying relief. *See id.* at 1144 ("If the record had shown that the plaintiffs had agreed to the settlement, or that the attorneys had authority to settle the suit and dismiss the action, the district court would then have acted well within its discretion in denying the motion [to set aside an order of dismissal].").

We have considered Mr. Wang's remaining arguments—some rooted in fairness and public policy; others attacking the district court's prior rulings and impartiality—and find them unpersuasive.

## CONCLUSION

For the foregoing reasons, we affirm the district court's order denying Mr. Wang's Motion for Vacating the Settlement.

## COSTS

No costs.