NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 10 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

TONETTE L. VAZQUEZ,

               Plaintiff-Appellant,

  v.

ALEJANDRO N. MAYORKAS, Secretary
of Homeland Security (Transportation
Security Administration),

               Defendant-Appellee.

Nos.  21-16026
       21-16500
       21-16624
       22-15383

D.C. No. 3:18-cv-07012-JCS

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Joseph C. Spero, Magistrate Judge, Presiding

Submitted July 6, 2023[**]
San Francisco, California

Before: WALLACE, O'SCANNLAIN, and SILVERMAN, Circuit Judges.

     Tonette Vazquez appeals pro se from the district court's order enforcing a

settlement agreement between Vazquez and Defendant Secretary of Transportation

(Defendant) and the district court's orders denying Vazquez appointment of counsel

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

and hearing transcripts. We have jurisdiction under 28 U.S.C. § 1291. We review the district court's enforcement of a settlement agreement for abuse of discretion, and defer to any factual findings it made in interpreting the settlement agreement, unless they are clearly erroneous. *Parsons v. Ryan*, 949 F.3d 443, 453 (9th Cir. 2020). We review a district court's order denying appointment of counsel for abuse of discretion. *Bradshaw v. Zoological Soc. of San Diego*, 662 F.2d 1301, 1318 (9th Cir. 1981). We lack jurisdiction to review an issue if an event occurs during the pendency of the appeal that renders an issue moot. *Ctr. For Biological Diversity v. Lohn*, 511 F.3d 960, 963 (9th Cir. 2007). We affirm.

Vazquez, an African American-Latina mother who was breastfeeding at the time of her complaint, alleges that her employer, TSA, retaliated and discriminated against her on the basis of sex, race, color, national origin, and lactating status, and created a hostile work environment, while she was employed as a Transportation Security Officer. After being appointed pro bono counsel by the court, Vazquez reached an oral agreement to settle with Defendant at conference before Magistrate Judge Sallie Kim. A few days later, however, Vazquez emailed her attorneys that she decided to reject the settlement, and her counsel subsequently withdrew. Defendant filed a motion to enforce the settlement agreement, which the district court granted after two evidentiary hearings. The court denied Vazquez's requests

2

to be appointed a second set of pro bono counsel and her requests for proceedings transcripts.

Vazquez alleges that the district court erred when it granted the motion to enforce the settlement agreement because it is biased and she was unfairly disadvantaged because she did not have representation. She also argues that she should have been provided a second set of counsel and that she has not received accurate transcripts.

Vazquez implies in her brief that the district court erred in granting Defendant's motion to enforce the settlement agreement because she was under undue pressure to accept the offer and, therefore, did not authorize her attorneys at the time to accept the settlement offer orally in front of Judge Kim. A district court has the equitable power to enforce a settlement agreement—whether oral or written—in an action pending before it, though where material facts concerning the agreement are in dispute, the parties must be allowed an evidentiary hearing. *Callie v. Near*, 829 F.2d 890 (9th Cir. 1987); *Doi v. Halekulani Corp.*, 276 F.3d 1131, 1138 (9th Cir. 2002).

In the evidentiary hearings here, however, Vazquez has not demonstrated that she did not authorize her attorneys to accept the offer. An attorney has the authority to settle with express permission of their client. *Harrop v. W. Airlines, Inc.*, 550 F.2d 1143, 1145 (9th Cir. 1977). Though Vazquez claims she was under pressure to

accept, she has not evinced any specific evidence demonstrating that; conversely, her three former attorneys all offered credible testimony that Vazquez gave unambiguous consent to the settlement offer. Nor does Vazquez submit any specific evidence to show how the court was actually biased. *Greenway v. Schriro*, 653 F.3d 790, 806 (9th Cir. 2011). If Vazquez felt undue pressure to agree to the settlement, the record does not show it, and we must defer to the district court's interpretation, as it is not illogical, implausible, or without support in the record.

Vazquez submits that the district court erred by not appointing her a second set of pro bono counsel. However, as was repeatedly explained to Vazquez, litigants in civil cases generally have no right to appointed counsel, and it is within the district court's discretion whether to grant a request to appoint counsel. *U.S. v. 30.64 Acres of Land in Klickitat Cty.*, 795 F.2d 796, 801 (9th Cir. 1986); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). It does not abuse this discretion absent extraordinary circumstances, which may exist if petitioner has a likelihood of success on the merits and is unable to articulate her claims pro se in light of the complexity of the legal issues involved. *Id*. Vazquez was appointed counsel, and has not shown how the district court abused its direction by refusing to appoint counsel a second time. Though Vazquez has faced difficulty litigating her matter pro se, she has shown to be able to articulate her claims. Moreover, she does not have a likelihood of success on the merits, as any new counsel would likely arrive

4

at the same advice that her previous counsel had. In any case, the district court has broad discretion to appoint volunteer counsel, and Vazquez has not demonstrated that her case is one of extraordinary circumstances.

Finally, Vazquez contends that she still has not received correct, complete transcripts of several hearings. However, the record demonstrates that she has since received copies of both requested transcripts. Thus, this issue is moot, and this court lacks jurisdiction to decide it. *Ctr. For Biological Diversity v. Lohn*, 511 F.3d 960, 963 (9th Cir. 2007).

Vazquez appears to argue that this issue is not actually moot, as she continues to argue that the transcripts are inaccurate and/or incomplete. But, while a party may seek to correct any omissions or misstatements in the record, a court reporter's transcript is generally presumed to be correct and should not be disturbed unless some evidence more than mere allegations of error exist. *Bergerco, U.S.A. v. Shipping Corp. of India*, 896 F.2d 1210, 1214 (9th Cir. 1990). Vazquez mentions a few, unsubstantiated accusations of missing sections in the transcript, but these do not overcome the presumption that the transcript, certified by the court reporter, is correct.

**AFFIRMED.**